## DECLARATION OF LANCE FRIEDMAN IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, Lance Friedman, declare and state as follows:

1. My name is Lance Friedman, I am over the age of 18, and I have personal knowledge of the matters contained herein.

2. I am a Defendant in the federal lawsuit in which this Declaration has been filed.

3. I submit this Declaration in opposition to Plaintiff's Motion for Summary Judgment filed on October 2, 2023.

4. I have previously worked for investment firms and run investment banking departments for various broker-dealers and firms.

5. I go into troubled companies and take them through reorganization, help them raise capital, and try to resurrect their business plan.

6. I am currently a Manager of EMERGE HEALTHCARE GROUP, LLC ("EMERGE").

7. I am currently the CEO of FCID MEDICAL, INC. ("FCID").

8. I am currently a Manager of FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC ("FCMG").

9. I am currently the CEO of FIRST CHOICE HEALTHCARE SOLUTIONS, INC. ("FCHS").

10. I am not a shareholder of EMERGE, FCID, FCMG, or FCHS.

11. I am not compensated by EMERGE, FCID, FCMG, or FCHS. I have made loans to some of these companies and have received repayment on some of those loans. However, I am currently owed approximately $800,000.

12. FCHS is a holding company for FIRST CHOICE MEDICAL GROUP OF BREVARD, INC. ("FCMG") and FCID MEDICAL, INC. ("FCID"). FCHS wholly owns FCID; FCID wholly owns FCMG.

13. Most assets are held by FCID; certain assets are held by FCMG; and one or two assets may be held by FCHS.

14. Employees were split between FCMG and FCID.

15. FIRST CHOICE HEALTHCARE SOLUTIONS, INC. ("FCHS"), FIRST CHOICE MEDICAL GROUP OF BREVARD, INC. ("FCMG"), and FCID MEDICAL, INC. ("FCID") each filed for Chapter 11 bankruptcy in 2020. The bankruptcy cases, along with the bankruptcy case for non-party Marina Towers, LLC, were jointly administered for procedural purposes only under Case No. 6:20-bk-3355-LVV. A true and correct copy of the Order Authorizing Joint Administration Pursuant to Bankruptcy Rule 1015 and Local Rule 1015 entered in Case No. 6:20-bk-3355-LVV is attached hereto and incorporated herein as Exhibit "A."

16. The bankruptcy plan was confirmed in February 2021, and FCHS' bankruptcy case and the jointly administered bankruptcy cases for FCMG, FCID, and non-party Marina Towers, LLC were closed on April 27, 2022. A true and correct copy of the Final Decree entered in Case No. 6:20-bk-3355 is attached hereto and incorporated herein as Exhibit "B."

17. I was not involved in EMERGE, FCID, FCMG, or FCHS at the time the bankruptcy was filed. I helped get through the reorganization after the bankruptcy case was filed.

18. The facts underlying Plaintiff's lawsuit took place post-exit approval of the plan in April 2022.

19. I do not control the operations of EMERGE, FCID, FCMG, or FCHS.

20. I do not make decisions on day-to-day matters. Instead, I focus on creating a business plan to raise capital and improve shareholder equity.

21. I also do not control the financials for EMERGE, FCID, FCMG, or FCHS. The CFO manages the bank accounts. I do not manage any of the finances as far as moving or transferring money.

22. I do not maintain the payables and I do not make decisions on what gets paid.

23. As CEO of FIRST CHOICE HEALTHCARE SOLUTIONS, INC. ("FCHS"), my specific duties are to raise capital, reorganize the company, and resurrect operations. To that end, my goal is to list FCHS on a fully reporting nationally-listed exchange, acquire businesses that would help shareholder value, and try to move FCHS forward.

24. My job is to work with investors to obtain funding.

25. With respect to FCID MEDICAL, INC. ("FCID"), I do not handle any of the financial aspects of the corporation and I do not have knowledge about how

revenue is booked, where it is sent, or how it is collected. Likewise, I do not make determinations as to who is being paid out of what.

26. To the best of my knowledge, EMERGE HEALTHCARE GROUP, LLC ("EMERGE") has no bank account, has no operations, and has no assets. It was intended to be used as a trade name for marketing purposes and to get away from the bankruptcy and the criminal conduct of Christian Romandetti, who was the prior founder, CEO, and principal shareholder of FCHS.

27. As either the CEO or Manager of EMERGE, FCID, FCMG, and FCHS, I ultimately have the ability to hire and fire employees and ultimately set employee schedules. However, I was involved only in the hiring of the surgical practice physicians and other physicians. These physicians were recruited through a recruiter and then came in for interviews. These physicians were hired by a consensus of a leadership team that existed before I came onboard. I was part of that leadership team.

28. I was not involved in the hiring or firing of any other employee.

29. I did not supervise Plaintiff or control Plaintiff's work schedule or conditions of employment.

30. I did not determine the rate or method of payment for Plaintiff.

31. I did not maintain employment records for Plaintiff.

32. The employees of FCMG and FCID who were not paid their wages were not paid because there were no revenues to support operations and investor capital was not adequate or was not timely to continue regular payrolls.

33. I have never dealt with the insurance companies Florida Blue or UnitedHealthcare.

I declare under penalty of perjury under the laws of the United States of America and the State of Florida that the foregoing is true and correct.

Executed on November 1, 2023.

_____
Lance Friedman

# Exhibit A

ORDERED.

Dated:  June 19, 2020

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br>First Choice Healthcare Solutions, Inc.<br>    Debtor.<br>_____/ | Case No.: 6:20-bk-3355-LVV<br>Chapter 11 |
| In re:<br>First Choice Medical Group of Brevard, LLC<br>    Debtor.<br>_____/ | Case No.: 6:20-bk-3356-LVV<br>Chapter 11 |
| In re:<br>FCID Medical, Inc.<br>    Debtor.<br>_____/ | Case No.: 6:20-bk-3357-LVV<br>Chapter 11 |
| In re:<br>Marina Towers, LLC,<br>    Debtor.<br>_____/ | Case No.: 6:20-bk-3359-LVV<br>Chapter 11 |

**ORDER AUTHORIZING JOINT ADMINISTRATION
PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015**

THIS CASE came on for hearing on June 17, 2020 on the *Debtors' Motion for Order Authorizing Joint Administration Pursuant to Bankruptcy Rule 1015 and Local Rule 1015* (Doc.

53548565;3

2

No. 3) in the above styled and numbered chapter 11 cases seeking joint administration of such cases ("Motions").

The Court finds that notice was proper and that no party in interest made any response in opposition to the Motions or, if so, the relief requested in any such response was denied for the reasons stated on the record, and further finds that the relief requested in the Motions should be granted. Accordingly, it is hereby

ORDERED:

1. The Motion is GRANTED.

2. The chapter 11 cases of First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC shall be jointly administered in accordance with the terms of this Order.

3. Nothing contained in this Order shall be construed as directing or otherwise effecting a substantive consolidation of the bankruptcy cases of the Debtors; it is the *Court's intention to jointly administer the bankruptcy cases of the Debtors for procedural purposes only*.

4. First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC are to be jointly administered under Case No. 20-bk-3355-LVV.

5. Judge Lori V. Vaughan shall preside over these jointly administered cases.

6. The joint caption of the First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC cases shall read as shown in attached Exhibit A.

7. All original pleadings shall be captioned as set out above and all original docket entries shall be made in the case of First Choice Healthcare Solutions, Inc., Case No.

53548565;3

6:20-bk-3355-LVV. In the instance where the relief requested in a pleading pertains to a specific Debtor or Debtors, the title as well as the first paragraph of the pleading or order shall indicate the specific Debtor or Debtors.

8. All proofs of claim shall be filed under the case number representing the Debtor's estate against which the claim is made.

9. Each of the Debtors shall (a) file separate monthly operating reports; (b) maintain separate financial accounts and records; (c) not be liable for the claims against any of the other Debtors by virtue of this Order; and (d) file separate Bankruptcy Schedules and Statements of Financial Affairs.

10. A docket entry shall be made in each of the Debtors' cases substantially as follows: *An order has been entered in this case directing the joint administrative of the chapter 11 cases of First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC.; the docket in the chapter 11 case of First Choice Healthcare Solutions, Inc., Case No. 6:20-bk-3355-LVV should be consulted for all matters affecting this case*.

11. Debtors shall file a master service list in First Choice Health Care Solutions, Inc. Case No. 6:20-bk-3355-LVV which includes all creditors, persons filing Notices of Appearances, and all parties-in-interest in all the debtor's jointly administered cases for future noticing requirements.

12. This order shall be served by the Debtors on interested parties and all parties included on the master service list.

[Attorney Esther McKean, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.]

**EXHIBIT A**
**JOINTLY ADMINISTERED CASES CAPTION**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Case No.: 6:20-bk-3355-LVV |
| | Chapter 11 |
| First Choice Healthcare Solutions, Inc. *et, al.* | |
| | (Jointly Administered) |
| Debtors. | |
| _____/ | |

53548565;3

# Exhibit B

**ORDERED.**

**Dated: April 27, 2022**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 6:20-bk-03355-GER |
| First Choice Healthcare Solutions, Inc., *et al.*, | ) | Chapter 11 |
| | ) | Subchapter V |
| Debtors. | ) | Jointly Administered[1] |
| | ) | |

# FINAL DECREE

This case came on for a hearing on April 27, 2022 at 10:00 a.m. upon the *Motion for Entry of Final Decree and Certificate of Substantial Consummation* (Doc. No. 488), as Amended[2] (Doc. No. 500), and *Supplement to Amended Motion for Final Decree and Certificate of Substantial Consummation* (Doc. No. 516) filed by the Debtors; the *Objection to Motion for Entry of Final Decree and Certificate of Substantial Consummation* (Doc. No. 494) filed by GMR Melbourne, LLC; and the *Stipulated Facts for Trial on April 27, 2022* (Doc. No. 545). The Court finds that the Debtors' confirmed plan of reorganization has been substantially consummated. For this and the reasons stated in open court, it is

---

[1] Jointly administered cases: *In re First Choice Healthcare Solutions, Inc.*, Case No. 6:20-bk-03355-GER; *In re First Choice Medical Group of Brevard, LLC*, Case No. 6:20-bk-03356-GER; *In re FCID Medical, Inc.*, Case No. 6:20-bk-03357-GER; and *In re Marina Towers, LLC*, Case No. 6:20-bk-03359-GER.

[2] *Amended Motion for Entry of Final Decree and Certificate of Substantial Consummation* (Doc. No. 500).

**ORDERED**:

1. The *Motion for Entry of Final Decree and Certificate of Substantial Consummation* (Doc. No. 488), as Amended[3] (Doc. No. 500), is **GRANTED**, subject to the terms of this Order.

2. The Debtors must pay or otherwise satisfy any outstanding balance due to Akerman LLP by **May 6, 2022**, or such other date that Akerman LLP agrees in writing.

3. The Court reserves jurisdiction to hear matters related to any default of the Debtors with respect to their payment obligations to Akerman LLP.

4. All motions/objections/applications that have not been resolved are **DENIED AS MOOT**.

5. This case and the jointly administered cases are **CLOSED**.

6. Pursuant to Local Rule 9070-1(c)(3), the Clerk shall, without further notice, dispose of any paper exhibits submitted in this case or any related adversary proceedings unless they are reclaimed by the appropriate party within 30 days.

7. The Clerk is directed to file a copy of this Order in the jointly administered cases.

# # #

The Clerk is directed to serve a copy of this Order on all interested parties.

---

[3] *Amended Motion for Entry of Final Decree and Certificate of Substantial Consummation* (Doc. No. 500).