# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

EMELYN BONILLA,

      Plaintiff,

      v.

EMERGE HEALTHCARE GROUP,
LLC; FCID MEDICAL INC.; FIRST
CHOICE MEDICAL GROUP OF
BREVARD, LLC; FIRST CHOICE
HEALTHCARE SOLUTIONS, INC.;
and LANCE FRIEDMAN,

      Defendants.

Case No. 6:23-cv-581-RMN

## <u>ORDER</u>

This cause comes before the Court for consideration on the Parties'
respective trial briefs (Dkts. 49, 50). Upon the parties' consent, this case
was referred to a Magistrate Judge to conduct all proceedings and order
entry of a final judgment pursuant to 28 U.S.C. 636(c) and Federal Rule
of Civil Procedure 73. Dkt. 23. The Court previously denied Plaintiff's
Motion for Summary Judgment. Dkt. 47. On March 19, 2024, the Court
held a status conference wherein it directed the parties to file the instant
trial briefs for review by the Court in lieu of an evidentiary hearing on the

remaining issues in this case. Dkt. 45. The Court treats the parties' respective trial briefs as motions for summary judgment.

## I.  BACKGROUND

On March 30, 2023, Plaintiff Emelyn Bonilla filed a two-count Complaint against Defendants Emerge Healthcare Group, LLC; FCID Medical, Inc.; First Choice Medical Group of Brevard, LLC; First Choice Healthcare Solutions, Inc. (the "Corporate Defendants"); and Lance Friedman, individually. Dkt. 1. The Complaint alleges breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA") and violations of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4. *Id.*

Plaintiff alleges that the Corporate Defendants and Lance Friedman, in his individual capacity as CEO, employed Plaintiff at a rate of $21.00 per hour, plus benefits as part of an employee welfare benefit plan. *Id.* ¶ 14. Plaintiff further alleges that Defendants (in the collective, including Friedman) are the Plan sponsor within the meaning of 29 U.S.C. § 1002(16)(B), and Plan administrator within the meaning of 29 U.S.C. § 1002(16)(A). *Id.* ¶ 18. Plaintiff maintains that Defendants withheld premiums from her paychecks and made contributions on her behalf. *Id.* ¶¶ 19, 21, 22. Plaintiff *alleges* in her Complaint that the Defendants, including Defendant Friedman, were fiduciaries under the Plan and "knowingly participated in and/or concealed, or otherwise

enabled Defendants breach of their fiduciary duties with respect to the Plan." *Id.* ¶¶ 20, 55.

Additionally, Plaintiff alleges that on April 9, 2022, she suffered a seizure and was placed on medical leave, a "qualifying event" pursuant to 29 U.S.C. § 1163(2). *Id.* ¶ 29. Plaintiff states that Defendants did not provide her with the required notice of rights under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). *Id.* ¶ 30. Only after Plaintiff's surgery and after she incurred over $120,000 in medical claims, did she learn that her claims were denied as a result of Defendants' failure to remit payment to United Healthcare and obtain coverage for Plaintiff. *Id.* ¶¶ 31–34.

Finally, Plaintiff states that her insurance policies were canceled, in whole or part, due to Defendants' failure to remit payment despite making deductions from her paychecks and that Defendants failed to provide the required notice of COBRA rights. *Id.* ¶¶ 59–60.

Defendants dispute that they withheld insurance premiums from Plaintiff's pay at any time, and they dispute that they made deductions from Plaintiff's pay for insurance premiums as well. Dkt. 34 at 5. Defendants further dispute that Defendants FCID Medical, Inc. ("FCID"), and Emerge Healthcare Group, LLC ("EMERGE"), had any involvement in the termination or cancellation of the insurance plans or COBRA

notices or had any responsibility for Plaintiff's paychecks. *Id.* at 6. Defendants maintain that Defendant Friedman is not a fiduciary under the Plans at issue and that some of the Emerge entities were not plan sponsors, administrators, or fiduciaries under the Plans. *Id.* at 7–8.

Plaintiff now requests judgments in her favor. The matter is ripe for review.

## II.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials" but may also consider any other material in the record. Fed. R. Civ. P. 56(c)(3).

An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the

initial burden of identifying those portions of the record demonstrating a lack of genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986*); Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows "an absence of evidence to support the nonmoving party's case," the burden then shifts to the non-moving party to demonstrate that there are, in fact, genuine disputes of material facts. *Celotex*, 477 U.S. at 325; *see also Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court may not grant summary judgment if doing so would be based on witness credibility determination; the Court must accept the non-movant's competent testimony as true for the purposes of ruling on summary judgment. *Johnson v. Lang*, No. 19-14278, 2022 WL 2734421, at *4 (11th Cir. July 14, 2022) (quoting *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996)) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment.").

- 5 -

### III.  DISCUSSION

Plaintiff brings two claims against all Defendants: (1) one under Section 1132(a) to recover money equal to the insurance benefits lost due to Defendants' alleged breach of fiduciary duty, see Dkt. 1 at ¶¶ 69–79; and (2) the second under Section 1166(a) and 29 C.F.R. § 2590.606-4 to recover statutory damages of $110 per day, totaling approximately $63,000.00. See id. ¶¶ 80–86. Each count will be addressed in turn.

### A.    Breach of Fiduciary Duty

To establish liability for breach of fiduciary duty under ERISA, a plaintiff must show (1) that the defendants are in fact a fiduciary of an ERISA plan;[1] (2) that defendants were engaged in conduct constituting a breach of fiduciary duty; (3) that defendants' conduct was within the scope of their capacity as a fiduciary; and (4) that defendants' conduct damaged the ERISA plan or that the ERISA plan suffered a loss subsequent to the breach. *Pension & Emp. Stock Ownership Plan Admin. Comm. v. Patterson*, 547 F. Supp. 2d 1230, 1238 (N.D. Ala. 2008); *see also Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 289 (11th Cir. 1989)

---

[1] Both parties agree that there was an ERISA plan that was retroactively cancelled when funds were not forthcoming. *See* Dkt. 50-5 at ¶ 5 (interrogatory responses acknowledging the existence of United Healthcare plan). That a plan was retroactively cancelled has no impact on whether federal law imposes certain obligations. The Court therefore finds the parties do not dispute the existence of the United plan for the purposes of ERISA.

("non-fiduciaries cannot be held liable under ERISA"). Plaintiff must prove each of these elements to establish its prima facie case of an ERISA violation.

### 1. Fiduciary Status

When determining whether a defendant is a fiduciary under ERISA, courts look to ERISA's statutory definition to see if the defendant—whether specifically designated as a fiduciary in the plan documents or not—is functioning as an ERISA fiduciary.

ERISA provides that:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management over disposition of its assets; (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A); *see also Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888, 892 n.2 (11th Cir. 1997) ("The term 'fiduciary' has a broader meaning under ERISA than at common law because ERISA defines 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan.").

Plaintiff fails to provide the Court with plan documents to establish who is a named ERISA fiduciary.[2] Instead, Plaintiff argues that a "person" is an ERISA fiduciary if "he exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i). The Court therefore begins by determining whether Defendants are persons subject to the statute.

### a.    Defendant Friedman is an ERISA Fiduciary.

Plaintiff maintains that Defendant Friedman is an ERISA fiduciary because he "executed contracts for the implementation of the plan, negotiated with the insurance companies regarding the continuations of the plans, made payments to the insurance companies, and had authority and control over the general operating account where the plan assets were held." Dkt. 49 at 15. Plaintiff further argues that Friedman "had ultimate authority over payroll, which the plan assets were used to pay." *Id.* In response, Defendant argues that Friedman did not exercise control and authority over plan assets, and he did not make day-to-day decisions.

---

[2] Notably, neither Plaintiff nor Defendant have produced any plan documents for the United Healthcare plan. Nevertheless, Defendant has not provided the Court with any argument or evidence that the plans at issue were either not in effect or that Plaintiff's ERISA claim fails as a matter of law for lack of evidence of a qualifying ERISA plan. Defendant appears to concede that there were plans in place and that the United Healthcare plan was retroactively cancelled after being established.

Dkt. 50 at 11. Defendant also maintains that Friedman did not control financials for FCHS, FCMG, or Emerge, was not responsible for transferring money, and did not make decisions on "what gets paid" or "who is being paid out of what." *Id.* at 11–12.

The record evidence supports Plaintiff's position that Friedman is an ERISA fiduciary. As the ultimate decisionmaker, he had the authority to sign payroll checks and bind the companies in financial decisions. Dkt. 49-17 at 30:8–18, 35:5–20, 38:11–18. Friedman spoke directly with the insurance companies and negotiated on behalf of the companies. Dkt. 49-16 at 45:10–23. The only evidence proffered to dispute a factual finding that Friedman is an ERISA fiduciary is a single affidavit. Dkt. 50-1. This Court has already ruled that this self-serving and conclusory affidavit is insufficient to create a dispute of material fact. *See* Dkt. 47 at 8. To be sure, "[i]t is well-settled that conclusory affidavits, submitted by a nonmoving party in opposition to a motion for summary judgment, will not create an issue of fact for trial." *Org. of Pro. Avicultrists, Inc. v. Kershner*, 564 F. Supp. 3d 1238, 1247 (S.D. Fla. 2021) (citing *United States v. Stein*, 881 F.3d 853 (11th Cir. 2018)). Even further, "[c]onclusory allegations without specific supporting facts have no probative value." *Id.* (citing *Roda v. Univ. of Miami*, 542 F. Supp. 3d 1289, 1294–95 (S.D. Fla.

2021)).[3] It therefore established—by record evidence—that Friedman is an ERISA fiduciary as the ultimate decisionmaker who approved others' actions, spearheaded the entities' negotiations and payments under and pursuant to the insurance plans, and controlled the operational decisions of each entity. There is thus no dispute of material fact that Friedman, as the ultimate decisionmaker for the companies, is individually an ERISA fiduciary.

### b.    Medical Group is an ERISA Fiduciary.

Plaintiff argues that Medical Group, as Plaintiff's employer, is also an ERISA fiduciary. Dkt. 49 at 4, 14. Defendant offers no argument or evidence to the contrary. *See* Dkt. 50. Therefore, the Court finds that the record evidence establishes that Medical Group, as Plaintiff's employer, is an ERISA fiduciary.

### c.    The Remaining Defendants are not ERISA Fiduciaries.

Plaintiff offers no argument or evidence to establish liability as to the remaining Defendants. As such, Plaintiff has failed to carry her

---

[3] And again, Friedman cannot rely on this affidavit to contradict his own deposition testimony. As the Eleventh Circuit has explained, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, *without explanation*, previously given clear testimony." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) (quoting *Van T. Junkins & Assocs. v. U.S. Indus.*, 736 F.2d 656, 657 (11th Cir. 1984)) (emphasis in *McCormick* and alterations added).

burden to prove that the remaining Corporate Defendants are ERISA fiduciaries. The Court cannot grant judgment in Plaintiff's favor on the ERISA claims as to the remaining Corporate Defendants.

### 2. Defendants Friedman and Medical Group Breached Their Duties While Acting in a Fiduciary Capacity.

Plaintiff argues that Friedman and Medical Group breached fiduciary duties under ERISA when they failed to hold other employee's payroll contributions in trust and for the benefit of the Plan and when the defendants deposited those funds into the businesses' general operating account. Dkt. 49 at 15. Plaintiff further argues that Friedman failed to ensure that the plan assets were "used solely for their intended purpose" and misappropriated the assets for general expenses. *Id.* at 17.

Defendants do not dispute that they took plan assets and used them for general business expenses like payroll. Instead, Defendants attempt to rebut Plaintiff's evidence and argument by claiming that the decision to utilize plan assets for general expenses was a "business decision," which should not be confused with fiduciary actions. *See* Dkt. 50 at 9–13. Defendants maintain that these actions are not breaches of fiduciary duties because they do not "constitute the management or administration of the plan." *Id.* at 13. To make this argument, Defendants cite to *In re Luna*, 406 F.3d 1192 (10th Cir. 2005), for the proposition that

- 11 -

"[d]efendants' business decisions with regard to funds in the general operating account must not be confused with fiduciary actions." *Id.*

Defendants' reliance on *In re Luna* misses the mark. That case discusses whether an employer who agrees to make regular employer contributions to an ERISA-covered employee benefit plan is a fiduciary. *Id.* at 1196. In that case, the plaintiffs were trustees of the employee-benefit funds who sued the employer defendants to recover unpaid monthly employer contributions. *Id.* The Court stated that "[t]he act of failing to make [employer] contributions to the [ERISA plans] cannot reasonably be construed as taking part in the 'management' or 'disposition' of a plan asset." *Id.* at 1204. And the Court stated that the employer defendants were not acting in a fiduciary capacity because "[t]he mere discretion whether to pay debts owed to an employee benefit plan . . . does not suffice to confer fiduciary status under ERISA." *Id.* at 1206. This case is distinguishable. Whether a fiduciary duty under ERISA attaches to the payment of contractual *employer* contributions is separate from whether such duties attached to *employee* contributions in the form of payroll withholdings.

Not only do Defendants fail to rebut Plaintiff's evidence that they misappropriated employee withholdings and contributions for general business expenses in violation of their fiduciary duties, but the record

evidence establishes as much. Dkt. 49-17 at 59:15–24 (Lee Deposition discussing cancelled insurance plans); Dkt. 49-16 at 66:7–11, 46:8–20 (Hardesty Deposition discussing reasons why there was no money to pay insurance companies). Defendants *admit* that employee plan contributions in the form of payroll withholdings were placed in the businesses' general operating expense accounts. Dkt. 50 at 5. As such, the Court finds there is no dispute of material fact that Defendants breached their duties while acting in a fiduciary capacity.

### 3.    Damages and Remedies

Plaintiff appears to be pursuing damages under ERISA's general equitable relief provision, section 502(a)(3), or in the alternative, section 1132(a)(3). *See* Dkt. 49 at 17–21. Plaintiff asks the Court to award damages in the form of equitable surcharge—an amount certain equaling the denied benefits that would have been covered under the insurance policy to make Plaintiff whole (all expenses above the out-of-pocket maximum under the policy). *Id*. Defendant fails to address any of Plaintiff's arguments in its briefing. *See* Dkt. 50. The Court finds Plaintiff entitled to the requested remedy.

As to the equitable surcharge—that is, an amount certain equaling the denied benefits (over and beyond the out-of-pocket maximum under the policy) that would have been covered under the insurance policy to

make Plaintiff whole—Plaintiff has failed to accurately account for the total stated damages. Plaintiff argues that she "incurred over $120,000.00 in medical claims which were submitted to United but denied for lack of coverage," (Dkt. 49 at 5) and attaches Plaintiff's billing records (Dkt. 49-6) but does not provide the Court with an actual stated amount of damages incurred. Elsewhere in her brief, Plaintiff states that she "was informed by Advent Health that her claim was denied because coverage was not in effect for her April 25, 2022, surgery and that she owed $103,171.70." *Id.* at 7. It is unclear whether this $103,171.70 is in addition to the $120,000.00, or part of that amount. Defendant nevertheless fails to rebut the evidence offered to establish that Plaintiff has incurred damages for denied benefits.

Therefore, the Court finds there is no dispute of material fact regarding the fact that Plaintiff should be awarded an amount certain that equals the denied benefits minus the out-of-pocket maximum stated in the Policy. But the amount of denied benefits has not been established. Therefore, the Court will require the parties to address this issue in supplemental briefing, which must contain proper citations to the supporting record evidence.

B.    COBRA Notice Violation

Following an employee's termination or other "qualifying event," 29 U.S.C. § 1166(a)(4)(A), requires plan administrators to notify a former employee, who is a "qualified beneficiary," of her right to receive continuation coverage. With respect to a qualifying event, the term "qualified beneficiary" includes a "covered employee." *See* 29 U.S.C. § 1167(3)(B). Then, "the notice must be sufficient to permit the [former] employee to make an informed decision whether to elect coverage." *Scott v. Suncoast Beverages Sales, Ltd.*, 295 F.3d 1223, 1230–31 (11th Cir. 2002) (citing *Meadows v. Cagle's, Inc.*, 954 F.2d 686, 692 (11th Cir. 1992)). Although Section 1166 does not mandate how notice must be provided, "the COBRA regulations provide that the notice must be given using measures reasonably calculated to ensure actual receipt of the material." *Debene v. Baycare Health Sys., Inc.*, No. 8:15-cv-386, 2016 WL 2745002, at *8 (M.D. Fla. May 11, 2016) (noting that "a former employee's claim that he did not receive the notice is insufficient, standing alone, to support a COBRA notice claim").

The Court has previously stated that on this record alone, the Court cannot grant summary judgment on Plaintiff's COBRA notice claim. See Dkt. 47 at 10–12. Plaintiff has still failed to show—or even attempt to show—that she was a "covered employee" for purposes of the statute. *See, e.g.*, *Kobold v. Aetna U.S. Healthcare, Inc.*, 258 F. Supp. 2d 1317, 1324

(M.D. Fla. 2003) (finding that because the plaintiff was never actually covered by the medical plan at issue, he was not a "qualified beneficiary" entitled to continued medical coverage under COBRA). As the Court has already ruled, it cannot grant any judgment in favor of Plaintiff unless and until she establishes every element each of her claims and she has failed to do so here.

In fact, Plaintiff seems to admit that she cannot establish her claim when she states in her trial brief that "Count II was initially brought when there was a belief that the United Plan was in effect in April and would have provided coverage of the claims at issue." Dkt. 49 at 21 n.39. Because Plaintiff has not carried her burden on summary judgment, and she concedes she cannot carry such burden at trial, judgment cannot be granted in her favor as to Count II: COBRA notice violations.

## IV.  CONCLUSION

Accordingly, it is **ORDERED** that:

1.    Summary Judgment is **GRANTED** in favor of Plaintiff and against Defendants Friedman and Medical Group on Plaintiff's Count I: Breach of Fiduciary Duty under ERISA;

2.    Summary Judgment is **DENIED** as to the remaining Defendants on Count I: Breach of Fiduciary Duty;

3.     Summary Judgment is **DENIED** as to all Defendants on Count II: Violation of COBRA Notice provision;

4.     Plaintiff is **DIRECTED** to file a supplemental brief detailing the amount of damages sought with citations to supporting record evidence on or before **January 13, 2025**[4]; and

5.     Upon Plaintiff's submission, a separate Order will follow directing the Clerk to enter judgment in favor of Plaintiff and against defendants Friedman and Medical Group on Count I.

DONE and ORDERED in Orlando, Florida, on November 20, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record

---

[4] The Court is providing more time than it would normally provide due to Plaintiff's counsel's medical procedure. The parties are therefore encouraged to come to an agreement on the amount of damages. If no agreement can be made, the parties are to submit supplemental briefing on damages. The Court will entertain a motion for extension of time if needed.