UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMELYN BONILLA

    Plaintiff,

v.                                                             CASE NO.: 6:23-cv-0581

EMERGE HEALTHCARE GROUP, LLC, ET AL.,

Defendants.

**PLAINTIFF'S SUPPLEMENTAL BRIEF ON ERISA DAMAGES**

**I.      Background**

On March 30, 2023, Plaintiff Emelyn Bonilla filed a two-count Complaint against Defendants Emerge Healthcare Group, LLC ("Medical Group"); FCID Medical, Inc.; First Choice Medical Group of Brevard, LLC; First Choice Healthcare Solutions, Inc. (the "Corporate Defendants"); and Lance Friedman ("Friedman"), individually. Dkt. 1. The Complaint alleges breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA") and violations of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4. *Id.*

On November 20, 2024, the Court entered summary judgment in favor of Plaintiff and against Defendants Friedman and Medical Group on Plaintiff's Count I: Breach of Fiduciary Duty under ERISA; but denied summary judgment as to the remaining defendants on Count I, as well as Count II for all Defendants. Doc. 51.

1

The Court also directed Plaintiff to file a supplemental brief detailing the damages sought with citations to supporting record evidence. Doc. 51.[1] Plaintiff submits this supplemental brief regarding her damages pertaining to Count I and states as follows:

## II.  Damages

The Court ruled that Plaintiff should be awarded an amount certain that equals the denied benefits minus the out-of-pocket maximum stated in the Policy. Doc. 51, p. 14. As explained below, using this methodology, Plaintiff is due $111,586.93.

### a. Out-of-Pocket Maximum

The record establishes that Plaintiff's out-of-pocket maximum for the year at issue in this case was $8,500.00.

In support of her trial brief, Plaintiff provided a spreadsheet created by Defendants. Doc. 49-3. The spreadsheet contained the employees, including Plaintiff, who elected medical coverage under the United Healthcare plan at issue here. ("United Plan" or the "Plan"). This spreadsheet indicates that Plaintiff selected the "Low Plan". Doc. 49-3

---

[1] In its order, the Court encouraged the parties to come to an agreement as to the amount of damages. A copy of this brief was provided to Defendants but no agreement could be reached as to the amounts claimed herein.

According to the 2022 Benefits Enrollment Guide, the "Low Plan" had a yearly deductible of $3,500 and a Max Out-of-Pocket of $8,150.00. Doc. 49-2, p. 2. Therefore, Plaintiff's Out-of-Pocket Maximum for the period at issue was **$8,150.00.**

   b. **Denied Benefits**

Plaintiff proffered evidence of denied benefits totaling $119,736.93. Those damages are as follows:

|    | Provider                      | Claim Amount  | Docket Citation           |
|----|-------------------------------|---------------|---------------------------|
| 1. | Brevard Physicians Assoc PLLC | $ 1,040.00    | Doc. 49-6, p. 1           |
| 2. | Orlando Neurosurgery          | $ 11,929.50[2]| Doc. 49-6, p. 3,11        |
| 3. | Health First Medical Group    | $ 206.00      | Doc. 49-6, p. 5-6         |
| 4. | Health First Medical Group    | $ 751.52[3]   | Doc. 49-6, p. 7-10        |
| 5. | Advent Health                 | $103,171.70   | Doc. 49-6, p. 13, 21, 27  |
| 6. | US Anesthesia Partners        | $ 2,197.69[4] | Doc. 49-6, p. 15          |
| 7. | Advent Health                 | $ 440.52[5]   | Doc. 49-6, p. 17-19       |
|    | **Total**                     | **$119,736.93** |                         |

   c. **ERISA Damages**

In its November 20, 2024, Order [Doc. 51], the Court determined that the equitable surcharge to which Plaintiff is entitled is an amount equal to Plaintiff's

---

[2] The statement shows Plaintiff made a payment of $75.00 and has a balance of $11,854.50.
$75+$11,854.50=$11.929.50.

[3] The notice shows Plaintiff made a payment of $75.00 and has a balance of $676.52.
$75+$676.52=$751.52

[4] The notice shows Plaintiff made payments totaling $75.00 (Doc. 49-6. p. 16) and has a balance of $2,122.69.
$75+$2,122.69=$2,197.69.

[5] The statement shows Plaintiff made a payment of $73.42 (Doc. 49-6. p. 19) and has a balance of $367.10.
$73.42+$367.10=$440.52

expenses above the out-of-pocket maximum under the policy. Plaintiff incurred $119,736.93 in expenses and the policy had an out-of-pocket maximum of $8,150.00. Therefore, the equitable surcharge totals **$111,586.93**.[6]

**WHEREFORE**, Plaintiff respectfully requests the entry of an order granting summary judgment in favor of Plaintiff and against Defendants Friedman and Medical Group in the amount of $111,586.93, direct the Clerk to enter judgment in that amount, and find that Plaintiff is the prevailing party and is entitled to her attorney's fees and costs, the amount of which to be established at a later date.

Dated this 9th day of January 2025.

ARCADIER, BIGGIE & WOOD, PLLC

*/s/Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing was filed with the Clerk of Court by using the CM/ECF system, on this 9th day of January 2025. Counsel of Record for all parties will receive notice of the electronic filing.

ARCADIER, BIGGIE & WOOD, PLLC
*/s/Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No. 0093839
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: Office@ABWlegal.com
Secondary Email: Wood@ABWlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075

---

[6] $119,736.93- $8,150.00=$111,586.93